UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| GREGORY THOMPSON, | ) | |
|---|---|---|
| Thompson, | ) | |
| v. | ) | No. 1:04-cv-177 |
| | ) | *Edgar/Shirley* |
| RICKY BELL, WARDEN, Riverbend Maximum Security Institution, | ) ) | |
| Respondent. | ) | |

## ORDER

Gregory Thompson ("Thompson"), a death-sentenced inmate at the Riverbend Maximum Security Institute in Nashville, Tennessee, has filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254, requesting an evidentiary hearing on his competency to be executed [Court File No. 1].[1,2] Thompson also filed a motion for stay of execution [Court File No. 2] which was granted on June 21, 2004 [Court File No. 4]. Because of the convoluted procedural history of Thompson's federal court litigation, some procedural background will be useful.

Thompson filed a previous petition for writ of habeas corpus challenging his 1985 conviction and death sentence, which this Court dismissed. *Thompson v. Bell*, Civil Action No. 4:98-cv-006 (E.D. Tenn. Feb. 17, 2000). On January 9, 2003, the United States Court of Appeals, Sixth Circuit affirmed that decision, and, on March 12, 2003, the appellate court denied Thompson's petition for rehearing.

---

[1] This is the second petition for writ of habeas corpus filed by Thompson relating to his 1985 first degree murder conviction and sentence of death.

1

Thompson's petition for writ of certiorari to the United States Supreme Court was subsequently denied, as was his petition for rehearing.

Thompson then initiated proceedings in state court related to his competency to be executed. The Tennessee Supreme Court denied Thompson any relief on June 14, 2004. *See Thompson v. State*, 134 S.W.3d 168 (Tenn. 2004). On that date, Thompson filed this instant petition for writ of habeas corpus, alleging he is incompetent to be executed and requesting an evidentiary hearing [Court File Nos. 1 & 2]. Nine days later, the Sixth Circuit amended and reissued its January 9, 2003 opinion in which it had affirmed this Court's dismissal of Thompson's original habeas petition. In its reissued opinion, the circuit court vacated this Court's February 17, 2000 judgment and remanded the case for further proceedings. On July 1, 2004, the state filed a motion to stay the mandate pending the filing of a petition for writ of certiorari.

In the instant case, on July 12, 2004, the respondent filed a motion to accept a late-filed motion to dismiss [Court File No. 9] and a motion to dismiss [Court File No. 10] on the basis that Thompson's execution was no longer imminent since the Sixth Circuit vacated this Court's February 17, 2000 judgment and had remanded the case for further proceedings. This Court notified the parties that, because the respondent had appealed the Sixth Circuit's decision in the original habeas case, it would rule on respondent's motions regarding dismissal in the instant case after the Supreme Court rendered its decision. The United States Supreme Court reversed the Sixth Circuit, *see Thompson v. Bell*, 125 S.Ct. 2825, 2837 (2005). Thompson's original habeas case has now been concluded.

Upon receiving notice that the Supreme Court reversed the appellate court, this Court denied respondent's motion to accept a late-filed motion to dismiss and the motion to dismiss the habeas

petition; determined the instant case should proceed; and ordered a response to be filed [Court File No. 12]. The respondent filed its response to the habeas petition [Court File No. 14]. The respondent also moved to substitute counsel [Court File No. 16]. The motion is **GRANTED** [Court File No. 16], and Assistant Attorney General Jennifer L. Smith is substituted as counsel for the respondent.

Thompson filed a reply [Court File No. 18], contending that, without an execution date, his competency to be executed claim is not ripe. Thompson's contention is well taken. This case is in an unusual procedural posture in that Thompson filed this habeas petition challenging his competency to be executed over one year ago. Therefore, if this habeas petition advances, the Court would not be reviewing the state court's adjudication of Thompson's *present* competency to be executed. Instead, it would be reviewing an adjudication of Thompson's competency as it stood some eighteen months ago–at the time the mental health reports were prepared and at the time the state-court decisions were issued.

"The Eighth Amendment prohibits the State from inflicting the penalty of death upon a prisoner who is insane." *Ford v. Wainwright*, 477 U.S. 399, 410 (1986). *Van Tran v. State*, 6 S.W.3d 257 (Tenn. 1999) outlines the procedure by which a prisoner who has been sentenced to death in Tennessee may raise the issue of present mental competency to be executed. Therefore, to allow the State to file a motion to set an execution date and allow Thompson to raise the issue of his present mental competency to be executed in his response to the State's motion to set an execution date, the Court **LIFTS THE STAY** of Gregory Thompson's execution [Court File No. 4].[3]

---

[3] The Court is lifting the stay of execution which was granted in this case on June 21, 2004.

3

This habeas petition is hereby **ORDERED STAYED** so the parties can initiate forthwith state court proceedings for litigating Thompson's present competency to be executed. However, the parties are **ORDERED** to inform the Court within **thirty (30) days** from the entry of this Order as to the status of any state court proceedings. In addition, the parties **SHALL** provide the Court with an update of the status of state court proceedings every **thirty (30) days**.

ENTER this *16th day of September, 2005*.

> */s/ R. Allan Edgar*
> R. ALLAN EDGAR
> CHIEF UNITED STATES DISTRICT JUDGE