UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

GREGORY THOMPSON, )
)
    Petitioner, )
v. ) No. 1:04-cv-177
) *Edgar/Shirley*
RICKY BELL, WARDEN, Riverbend )
Maximum Security Institution, )
)
    Respondent. )

## ORDER AND CERTIFICATE OF APPEALABILITY

In accordance with the accompanying memorandum opinion, the Court **DISMISSES** the petition and amended petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Gregory Thompson ("Thompson" or "petitioner"). [Court File Nos. 1, 32, & 41]. Additionally, Thompson's second motion for discovery is **DENIED** [Court File No. 45]. The Clerk of Court shall enter a final judgment.

Under 28 U.S.C. § 2253(c) and Rule 22(b) of the Federal Rules of Appellate Procedure, to obtain a Certificate of Appealability ("COA"), a habeas applicant must make a "substantial showing of the denial of a constitutional right, . . . a demonstration that, under *Barefoot [v. Estelle,* 463 U.S.880, 893 (1983)], includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000), *quoting Barefoot v. Estelle*, 463 U.S. at 893, n.4. Therefore, when the

1

claims involved have been dismissed on the merits, a petitioner makes a substantial showing of the denial of a constitutional right by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484.

To grant a COA, the Court must find a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When a claim has been dismissed on the merits, a substantial showing is made if jurists of reason would find the district court's assessment of the constitutional claims debatable or wrong, or if jurists could conclude the issues raised are adequate to deserve further review. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 & 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a claim has been dismissed on procedural grounds, a substantial showing is demonstrated when it is shown reasonable jurists would debate whether a valid claim has been stated and whether the court's procedural ruling is correct. Although each prong of the test is part of the threshold inquiry, a court may dispose of the application by resolving the issue whose answer is more apparent from the record and arguments. *See Slack*, 529 U.S. at 475.

When individually assessing each claim under the above standards the Court is mindful of the Supreme Court's opinion cautioning against undue limitations on the issuance of certificates of appealability: "It is consistent with § 2254 that a COA will issue in some instances where there is no certainty of ultimate relief." *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003). A prisoner seeking a COA does not have to prove that some jurists would grant the petition for habeas corpus because a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that the prisoner is not entitled to relief. *Id.* at 338. "The petitioner must demonstrate that reasonable jurists would find the district court's

2

assessment of the constitutional claims debatable or wrong." *Id.* The Court will address the claims as they are identified in the Table of Contents of its Memorandum Opinion [Court File No. 50].

I. CLAIMS

    A. <u>Competency-to-be-Executed Claim/Substantial Change in Mental Health</u>

The record before the Court reflects Thompson suffered from a mental illness which includes delusions. Being mindful of the fact that a prisoner who suffers from mental illness is not necessarily incompetent to be executed, the Court concludes the record supported the state court decision – that Thompson failed to meet the threshold showing that his competency was genuinely at issue and his failure to show a substantial change in his mental health, which necessarily results in a finding that Thompson is competent to be executed – thus, the decision was based upon a reasonable determination of the facts, and was not contrary to, or an unreasonable application of, federal law.

Because jurists of reason could debate whether Thompson is aware of his impending execution and the reason for it, jurists of reason could debate the Court's deference determination under the Antiterrorism and Effective Death Penalty Act of 1996 with respect to this claim. Therefore, the Court **GRANTS** a certificate of appealability with respect to Thompson's claim that he is incompetent to be executed. Accordingly, a COA will issue with regard to this claim.

        a. <u>States Shall Not Execute the Insane</u>.

Although Thompson is correct in his claim that it is unconstitutional to execute the insane, the Court concludes Thompson has not demonstrated he is insane. To conclude that a prisoner is insane in the context of being competent to be executed, the Court must find the prisoner lacks the mental capacity to understand the fact of the impending execution and the reason for it. Although

3

Thompson presented evidence of mental illness including delusional beliefs, the record, including Thompson's delusional beliefs, reflected that he was aware of his impending execution for committing murder. Thus, Thompson failed to demonstrate he was insane. Consequently, he failed to show that the Tennessee court decision was based upon an unreasonable determination of the facts was contrary to, or an unreasonable application of, federal law.

This claim is intertwined with the competency-to-be-executed claim. Accordingly, a COA is **GRANTED** on Thompson's claim that he is insane.

b. Tennessee's Implementation of *Ford v. Wainwright*

In this claim Thompson argues that Tennessee's application of *Ford's* "threshold showing" to his particular case is clearly wrong and unreasonable under controlling law. The Court concludes the standard to trigger a hearing and the standard for competency to be executed in Tennessee, as set out in *Van Tran v. State*, 6 S.W. 3d 257 (Tenn. 1999), meets constitutional muster. As to the application of these standards to Thompson, the Court concludes neither the state court's decision that Thompson failed to make a threshold showing that his competency to be executed presented a genuine dispute nor the state court's application of *Ford's* "threshold showing" was based upon an unreasonable determination of the facts, or contrary to, nor an unreasonable application of, Supreme Court precedent.

The claim that Tennessee's application of the "threshold showing" was unreasonable in Thompson's case is intertwined with Thompson's claim that he is incompetent to be executed. Therefore, the Court **GRANTS** a COA.

4

### c. Tennessee's *Ford* Proceedings Failed to Satisfy Due Process

The Court determines that the State of Tennessee provided Thompson with the basic fairness that *Ford* requires, and the fact that Thompson was denied an evidentiary hearing did not violate due process because Thompson failed to make the threshold showing that his competency to be executed was genuinely at issue. Since this claim is intertwined with Thompson's competency-to-be-executed claim, and the Court granted a COA on that claim, the Court **GRANTS** Thompson a COA on his claim that in his case, Tennessee's *Ford* proceedings failed to satisfy due process.

#### (1) The Tennessee Supreme Court Failed to Consider Relevant Evidence

The Court concludes all evidence submitted by Thompson in support of his petition was considered by the Tennessee Supreme Court during their *de novo* review. The Tennessee Supreme Court identified and discussed the evidence presented by Thompson. The fact that the Tennessee Supreme Court determined certain documents, such as stale history of mental illness, were not relevant to their determination of Thompson's competency to be executed, does not demonstrate that the Tennessee Supreme Court failed to consider the evidence. To the contrary, the state court considered the evidence and determined it was not relevant to this proceeding. The district court concludes this claim was without merit.

Jurists of reason would not debate the correctness of this Court's ruling that the Tennessee Supreme Court did not fail to consider relevant evidence. Accordingly, a COA **WILL NOT** issue with regard to this claim.

#### (2) Refusal to Consider Thompson's Ability to Prepare for Death

The Court determined Justice Powell, in *Ford v. Wainwright*, 477 U.S. at 422, made his two-part test explicitly clear when he stated, "I would *hold* that the Eighth Amendment forbids the

execution *only* of those who are unaware of the punishment they are about to suffer and why they are to suffer it." (emphasis added). Read in context, the Court concludes it was clear Justice Powell did not include preparation for death as a required element of his test. Therefore, the Court concludes the failure of the Tennessee courts to consider whether Thompson could meaningfully prepare for his death was neither contrary to, nor an unreasonable application of, Supreme Court jurisprudence.

Reasonable jurists would not debate the correctness of the Court's decision that competency for execution does not require that a condemned inmate have the capacity to prepare for his death. Thus, a COA **WILL NOT** issue.

### (3) Unreasonable Application of Presumption of Competency

Thompson asserted that the state court's automatic application of a presumption of competency was unconstitutional because Thompson has a history of mental illness. The Court observes that mental illness does not necessarily equate to competency, thus petitioner's mental illness did not prohibit the state courts from presuming he was incompetent.

The Court reviewed the record and notes that although Thompson has made his mental condition an issue since 1985, nothing in the record reflects that Thompson has ever been legally declared incompetent. The Court concludes that under these circumstances, Thompson failed to provide any evidence that the state court's application of the presumption of competence was unconstitutional or unreasonable.

Jurists of reason would not debate the correctness of the Court's conclusion that Thompson has not demonstrated that the state court unreasonably applied a presumption of competency. Accordingly, a COA **WILL NOT** issue on this claim.

6

### (4) Denial of Hearing Based on Incorrect Standard

Thompson claimed the Tennessee Supreme Court required him to conclusively prove insanity before granting a hearing. The Court concludes the record reflects that the state court reasonably applied the "threshold showing" standard and did not require Thompson to prove insanity.

The Court finds reasonable jurists would not find this determination debatable or wrong. Accordingly, a COA **WILL NOT** issue on this claim.

### (5) Tennessee Supreme Court's Inadequate Review

Thompson claimed the Tennessee Supreme Court reviewed and issued a wholesale affirmance of the lower court's decision, which was entered by a disqualified jurist and was an adoption of the State's position rather than a neutral review of the evidence. This claim is addressed in two parts:

#### (a) Disqualified Jurist

Thompson claimed his "right to due process of law was violated when the original trial judge, who recused himself from this case because of 'compelling circumstances,' subsequently presided over the competency proceedings and entered the order denying Thompson a competency hearing" [Court File No. 41, at 8]. Thompson filed a successful motion to disqualify Judge Ewell from presiding over his state post-conviction proceedings on the basis that Judge Ewell's earlier remarks show that he had "prejudged" the issue of ineffective assistance of counsel. *Thompson v. State*, 134 S.W.3d 168, 174 n.4 (Tenn. 2004). According to Thompson, he failed to challenge Judge Ewell's qualification in the trial court when pursuing his competency-to-be-executed claim because he had no formal notice that Judge Ewell had been assigned this case until entry of the order which is the subject of this habeas petition.

7

The Tennessee Supreme Court reasoned the competency proceeding was an independent action not a continuation of the prior action from which Judge Ewell had recused himself. This Court observes that not only did this proceeding not challenge Thompson's criminal conviction, sentence, or trial attorney's effectiveness, there was no evidence of actual bias or actual impropriety. Therefore, the Court concludes that Thompson has failed to demonstrate that the factual determination of the state court was unreasonable or that the state court decision was contrary to, or an unreasonable application of, federal law.

Reasonable jurists would not debate the correctness of this ruling. Therefore, the Court **WILL NOT** issue a COA on this claim.

(b) <u>Denial of Neutral and Independent Adjudication of Facts and Law</u>

Thompson asserted the Tennessee Supreme Court acted contrary to established law when it sanctioned the trial court's adoption of the State's responsive pleading into its order and provided no independent evaluation or analysis of its own. This Court observes the trial court noted that while reading the petition the court reached the same conclusions as those advanced by the State in its response. Furthermore, the trial court's judgment reflects it concluded the reports submitted by the three experts clearly demonstrate Thompson is presently aware that he is under a death sentence for the murder of Brenda Lane. In addition, the Tennessee Supreme Court conducted a *de novo* review with no presumption of correctness afforded to the trial court's determination; such review would have cured any inadequate review by the trial court. The Tennessee Supreme Court did not accept Thompson's assertion that the trial court judgment failed to reflect independent judicial judgment. *Thompson v. State*, 134 S.W.3d at 178 n.9.

8

This Court concludes Thompson has failed to demonstrate the state court decision was the result of an unreasonable determination of the facts, or was contrary to, or an unreasonable application of Supreme Court precedent. Reasonable jurists would not debate the Court's ruling on this claim. Therefore, a COA **WILL NOT** issue.

(6) Denial of Opportunity to Offer Relevant Evidence

Thompson claimed he was denied access to information in the State's possession relevant to his mental state. First, Thompson complained that the Tennessee Attorney General's Office obtained recordings of his telephone calls since January 2004, but both the State Attorney General's Office and the Warden of Riverbend Maximum Security Institution invoked a confidentiality provision of Tennessee's Public Records Act and refused to supply those same recordings to Thompson's counsel. Second, Thompson asserted there are other records to which the State has access but to which he is denied access.

This Court ordered the State to provide the telephone records and the records from the internal affairs investigation into Thompson's mental health to him. Thompson has received the telephone records. However, he has not demonstrated, nor even alleged, that the telephone records contain any material relevant evidence. The State maintains there are no records of the internal affairs investigation into Thompson's mental health. Thompson argues, in effect, that the State had not denied an internal investigation into Thompson's mental health over the past sevens months when this claim was being litigated, and the State's new denial is too late. Thompson argues that "[a]n untested denial by the State should not be sufficient to terminate the discovery issue, because there appears to be no real incentive for the State to be truthful in its untested response to the discovery motion." [Court File No. 49].

9

The State contends Thompson erroneously assumed there had been an internal investigation into his mental health based on the State's invocation of Tenn. Code Ann. § 10-7-504(a)(8) to deny Thompson's request for recordings of his telephone conversations, absent a subpoena or court order, on the grounds that the recordings were confidential "investigative records" and/or "reports of the internal affairs division." [Court File No.30, File 30, pp. 4-5]. However, the Court observes that during the state court proceedings the State responded that "[i]n fact, the *only* materials referenced in Thompson's current motion that he does not already have are recordings of his telephone conversations[.]" [Court File No. 30, File 30, p 4]. The State maintains there was no internal investigation into Thompson's mental state [Court File No. 46-1].

Observing that errors in the application of state evidentiary rules generally are not cognizable in federal habeas proceedings unless they violate a fundamental principle or right, *Montana v. Eglehoff*, 518 U.S. 37, 43(1996); *also see Estelle v. McQuire*, 502 U.S. 62, 69-70 (1991), the Court concludes that absent a showing the evidence is material and actually exists, Thompson failed to show a violation of due process; thus, the alleged state evidentiary law error does not rise to the level of a federal constitutional claim. Consequently, habeas relief was denied.

Reasonable jurists would not debate the correctness of the Court's ruling that petitioner failed to demonstrate that the alleged state evidentiary law error did not rise to the level of a federal constitutional violation. Therefore, the Court **WILL NOT** issue a COA on this claim.

    B.    <u>Unconstitutional to Execute Mentally Ill Persons Whose Illness Results in Mental Deficiencies Which Diminish Culpability</u>

The Court initially observes that the Court lacks jurisdiction to adjudicate Thompson's claim that due to mental illness he lacks moral culpability, and is unable to control his actions because

10

these claims constitute a second or successive habeas application under § 2244(b)(2), and Thompson must first obtain authorization from the United States Court of Appeals for the Sixth Circuit before this Court can consider a second or successive application for habeas relief. Alternatively, the Court concludes the claim was procedurally defaulted because Thompson failed to raise it in his 2004 state proceedings, and raising it in his 2005 proceedings did not exhaust the claim because the claim was not properly before the state court. The Court, assuming the claim was not barred for the reasons discussed above, concludes the claim was time-barred under § 2244(d)(1)(A) because it was raised in this habeas court more than one year from the date on which the state-court judgment at issue in this matter became final and the claim does not relate back to the original habeas petition filed in this matter.

The Court finds reasonable jurists would not debate its conclusion that Thompson's claim that it is unconstitutional to execute him because he is mentally ill and his illness results in his ability to control his conduct and reduces his moral culpability is not properly before the Court. Therefore, the Court **WILL NOT** issue a COA with respect to this claim.

C.  Executing the Chemically Competent is Unconstitutional

Thompson argues his current regimen of medications, initially, were involuntarily administered. Thereafter, a conservator, who was appointed pursuant to the State's request, ordered that Thompson be given the medications. The conservatorship was terminated at the request of Thompson's counsel and, though Thompson has attempted to stop taking the medications, he has been unsuccessful because of the addictive nature of the medications and the effects of withdrawal. Additionally, Thompson asserts that in his unmedicated state he has been subject to physical abuse

11

by prisoner guards and reasonably fears for his safety. Therefore, according to Thompson, his ingestion of the medicine is not voluntary.

First, the Court concludes Thompson has defaulted this claim because he failed to raise it in state court. Second, the Court concludes this claim was time-barred because petitioner did not raise it in his original habeas proceeding when he filed his original competency-to-be-executed habeas petition. Finally, the Court concludes Thompson failed to state a claim because he did not claim state authorities are presently compelling him to take the medication, nor did he identify any Supreme Court precedent which holds it is unconstitutional to execute a chemically-competent inmate or one who has regained competency through forced medication.

A COA **WILL NOT** issue because jurists of reason would not debate the Court's resolution of this claim.

### D. Execution Violates International Legal Obligations

Thompson contends his execution will violate international legal obligations binding on the United States. The Court concludes that this claim constitutes a second or successive habeas application under 28 U.S.C. § 2244(b)(2), and the Court lacks jurisdiction to adjudicate this claim absent authorization from the Sixth Circuit. The Court makes an alternative finding of procedural default because, although Thompson requested that his execution be stayed to allow the Commission time to consider his petition during his state court proceedings, he never raised an international law claim as a basis for relief from his death sentence in state court.

Reasonable jurists would not debate this determination. Accordingly, a COA **WILL NOT** issue as to this claim.

12

### E. Present Insanity Hearing

Thompson asserts he is entitled to a federal evidentiary hearing to determine his present competency because the state court did not render judgment on his Eighth Amendment claim nor did it provide adequate proceedings. The Court concludes the state court provided Thompson all the due process constitutionally required for him to present his competency-to-be-executed claim, and the fact that petitioner failed to satisfy the threshold showing of present incompetency does not render Tennessee's procedures inadequate or ineffective to safeguard his substantive Eighth Amendment rights. Additionally, this Court finds that the state court's conclusions that Thompson failed to meet the threshold showing that his competency was genuinely at issue, and he subsequently failed to demonstrate a substantial change in his mental health, necessarily meant he is competent to be executed; thus, the state court provided a judgment on the constitutional question.

No jurists of reason would find the Court's conclusion debatable or wrong. Accordingly, a COA **WILL NOT** issue with regard to this claim.

#### 1. State Court Imposed an Unjustified Presumption of Competency

The Court determines that although questions about Thompson's mental health have been raised throughout his criminal, post-conviction, and habeas proceedings, the record reflects that Thompson has not been found incompetent during any of those proceedings; thus, the state court's decision presuming Thompson to be competent and requiring Thompson to make a threshold showing that his competency was a genuine, disputed issue before conducting a hearing, was reasonable.

Jurists of reason would not find that decision debatable or wrong. Accordingly, a COA **WILL NOT** issue on this claim.

13

### 2. Satisfaction of "Threshold Showing"

Thompson claims he has satisfied the threshold showing because he raised a genuine, substantial issue regarding his present sanity. The Court concludes the record, including Thompson's change-in-mental-status claim, failed to meet the threshold showing that his competency-to-be-executed claim was genuinely at issue. The Court concludes that although Thompson's expert evidence in his initial state proceeding raising his competency-to-be-executed claim revealed that he is mentally ill, Thompson, nevertheless, meets the competency-to-be-executed standard identified in *Ford*; thus, he has failed to satisfy the threshold showing.

In addition, the Court also concludes that during his change-in-mental-health proceeding, the state court's decision that Thompson failed to show a change in his mental health was not unreasonable as the record reflects Thompson knows he is sentenced to death but believes all the events in his life, including his involvement in the murder of Brenda Lane, were predestined.

This claim is intertwined with Thompson's claim that he is not competent to be executed and since the Court granted a COA on that claim it will do so on this claim Accordingly, the Court **GRANTS** a COA.

### 3. Evidentiary Hearing

Thompson maintains he is entitled to an evidentiary hearing and cannot be charged with failing to develop his claim in state court because the state court denied him a hearing; denied him access to information which was in the State's possession and which would have leant support to his claims; and denied him an adequate proceeding with a qualified judge. The Court concludes Thompson failed to demonstrate that an evidentiary hearing is required under the circumstances of this case.

14

This claim is intertwined with Thompson's claim that he is not competent to be executed so the Court **GRANTS** a COA on his claim that he is entitled to an evidentiary hearing.

II. CONCLUSION

The Supreme Court has often stated that death cases are different, and the Eighth Amendment to the United States Constitution requires procedures to ensure heightened reliability when the death sentence is imposed. *See Lockett v. Ohio*, 438 U.S. 586, 604 (1978) ("We are satisfied that this qualitative difference between death and other penalties calls for a greater degree of reliability when the death sentence is imposed."); *also see Monge v. California*, 524 U.S. 721 (1998) ("Because the death penalty is unique 'in both its severity and its finality,' we have recognized an acute need for reliability in capital sentencing proceedings"). This district court has assessed each of petitioner's claims while recognizing the need for heightened reliability in capital cases, and for all of the reasons contained in this judgment, a COA will issue only to the claims previously identified in this Order and Certificate of Appealability relating to Thompson's competency-to-be-executed and substantial-change-in-mental-health claims.

The petitioner's execution was previously stayed pending further orders of this Court. The **STAY WILL REMAIN IN EFFECT** pending any appeal.

SO ORDERED.

ENTER.

_____
R. ALLAN EDGAR
UNITED STATES DISTRICT JUDGE